IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROLYN W. FORD, *et al.*,

    Plaintiffs,

    v.                                         Civil Action No. RDB-14-3158

JAMES F. ROHR, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Carolyn W. Ford, Joseph Ford, Sr., and Randy C. Ford ("Plaintiffs"), proceeding *pro se*, bring this Complaint for Damages (ECF No. 2) against Defendants James F. Rohr and William S. Demchak, alleging fraud and violations of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1821 ("FIRREA"). Currently pending before this Court is Defendants Rohr and Demchak's Motion to Dismiss (ECF No. 16). Plaintiffs' Response to this Court's Show Cause Order (ECF No. 13) implies that Plaintiffs intended to file a claim against the corporate entity National City Mortgage.[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendants James F. Rohr and William S. Demchak's Motion to Dismiss (ECF No. 16) is GRANTED. Accordingly, Plaintiffs'

---

[1] Plaintiffs' Response to the Show Cause Order (ECF No. 13) names "Defendant, National City Mortgage" as a party and repeatedly refers to alleged actions taken by the mortgage company; specifically, Plaintiffs assert that "Defendant initiated foreclosure proceedings," "this mortgage company has committed fraud," and "Defendants took all escrow monies and placed it in its own account." Because The PNC Financial Services Group (PNC) brought National City Mortgage in 2008 and PNC Mortgage is a division of PNC Bank., a subsidiary of PNC, the Court construes all allegations against National City Mortgage as allegations against PNC Mortgage for purposes of this opinion. As noted *infra*, the Plaintiffs have not named PNC Mortgage as a Defendant, nor have they effected service of process upon that corporate entity.

Complaint for Damages against the individual Defendants Rohr and Demchak (ECF No. 2) is DISMISSED WITH PREJUDICE.

## BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Additionally, this Court recognizes that Plaintiffs are *pro se* and has accorded the pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Between 2003 and 2007, Plaintiffs made mortgage payments on time, but "the bank"[2] recorded and posted those payments as late. *See* Pls.' Compl. 2, ECF No. 2. When Plaintiffs' property eventually went to auction, National City Mortgage increased the auction price from $130,000, as advertised in the newspaper, to $137,670 when there were no bidders. *Id.* During the auction, Plaintiffs bought their property back. *Id.* Because Plaintiffs had made all of their mortgage payments between 2003 and 2007, it is alleged that Plaintiffs effectively remade those payments to the bank when they purchased their home for $137,670. *Id.*

Plaintiffs' Response to the Show Cause Order (ECF No. 13) provides some clarification to the factual background.[3] In 1996, Plaintiffs took out a mortgage on their property in Frederick, Maryland, and signed an Adjustable Rate Note obligating them to make periodic payments. Resp. to Order ¶ 6, ECF No. 13. Originally, Plaintiffs made mortgage payments to PCFS Mortgage Resources ("PCFS"). *Id.* ¶ 8. In 2004, PCFS sold the mortgage to National City Mortgage, a company that was later bought by The PNC

---

[2] As noted *supra* note 1, there are a number of financial institutions that have been involved with this matter at one time or another. In their Complaint, Plaintiffs expressly identify M&T Bank as the bank where their payments were cashed. Plaintiffs do not specifically identify which bank posted their payments as late.
[3] These factual allegations cannot be considered an amendment to the complaint and are noted here for purposes of clarity only.

Financial Services Group ("PNC") in 2008. *Id.* PNC Mortgage, a subsidiary of PNC, has therefore handled Plaintiffs' mortgage since 2008. Defendant Rohr is the former Chairman and Chief Executive Officer of PNC and Defendant Demchak is the current Chairman and Chief Executive Officer of PNC. Notice of Removal ¶ 6.

On September 3, 2014, Plaintiffs filed the pending Complaint for Damages (ECF No. 2) in the Circuit Court for Frederick County, Maryland. Plaintiffs' Complaint alleges that Defendants engaged in fraud and other behaviors in violation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821 ("FIRREA"). *See generally* Compl. The Complaint seeks refunds of all payments made between 2003 and 2007 due to "over a dozen foreclosures over the years of 2003-2007, when all payments were made."[4] *Id.* On October 7, 2014, Defendants Rohr and Demchak filed a Notice of Removal (ECF No. 1). In the Notice, they stated that as of that date Plaintiffs had not served them with process, and that by filing for removal they were not waiving their right to assert any available defenses as to Plaintiffs' claims.[5]

Four months later on February 24, 2015, this Court ordered Plaintiffs to show good cause as to why this Court should not dismiss their Complaint for failure to serve the summons and complaint upon Defendants Rohr and Demchak (ECF No. 11). On March 3,

---

[4] Plaintiffs further allege in their Response to the Show Cause Order that Defendants demanded over $47,000 for 2002-2005 payments that Plaintiffs had already made, and that Defendant's "mishandling, misplacement, and misrepresentation" for the years between 2000 and 2003 caused a breach of contract. Resp. to Order, ECF No. 13. Further, Plaintiffs contend that National City Mortgage committed fraud by presenting to the Bankruptcy Court of Maryland an Affidavit of Default, knowing Plaintiffs had made their payments. *Id.* Plaintiffs' conclude that alleged events between 1999 and 2005 caused the Plaintiffs to lose "10 years of peace because of the [mortgage company's] abuse." *Id.*

[5] Defendants also filed a Rule 103.3 Disclosure on October 7, 2014 disclosing that PNC Bank, N.A., the federal-chartered national bank that is wholly owned by PNC may have a material financial interest in this case's outcome. ECF No. 4. The *pro se* Plaintiffs did not seek to name PNC Bank as Defendant in this action despite this notice.

3

2015, Plaintiffs' filed a Response to the Show Cause Order (ECF No. 13), and one week later Defendants Rohr and Demchak filed a Motion to Dismiss Complaint (ECF No. 14). The Motion to Dismiss asserts that: (1) Plaintiffs failed to effect service of process on the Defendants pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, (2) Plaintiffs have not stated a viable claim upon which relief can be granted pursuant to Rule 12(b)(6) against either Defendant, (3) this Court does not have personal jurisdiction over the Defendants pursuant to Rule 12(b)(2), and (4) that Plaintiffs' complaint contains no allegations sufficient to confer standing.

## STANDARD OF REVIEW

I.   Motion to Dismiss Pursuant to Rule 12(b)(5)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). If service is contested, the plaintiff "bears the burden of establishing its validity" pursuant to Rule 4. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); Fed. R. Civ. P. 4. "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effect service of process and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). Additionally, "[i]n cases removed to federal court, state law determines whether service of process was effected prior to removal." *Allen v. Shinseki*, No. WDQ-12-0269, 2012 WL 6111835, at *3 (D. Md. Dec. 7, 2012) (citations omitted).

II.      <u>Motion to Dismiss Pursuant to Rule 12(b)(2)</u>

A nonresident defendant may be entitled to dismissal through a challenge to a district court's power to exercise personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *CoStar Realy Info., Inc., v. Meissner*, 604 F. Supp. 2d 757, 763–64 (D. Md. 2009). "[T]he jurisdictional question is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction be a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If jurisdiction turns on disputed facts, the court may hold an evidentiary hearing, or may defer ruling on the jurisdictional question until receiving relevant evidence at trial. *Id.* However, if the court relies solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst of Md., Inc., v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In determining whether the plaintiff has made a *prima facie* case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993).

III.     <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).

## ANALYSIS

Plaintiffs claim that they are entitled to a refund of all payments made to Defendants between 2003 and 2007.[6] This Court first addresses whether Plaintiffs have properly served Defendants Rohr and Demchak. Next, notwithstanding that Plaintiffs have not effected

---

[6] In their Response to the Show Cause Order, Plaintiffs state that in addition to the refunded money, the Court should grant them $120,000,000 for years of unfair practices. Plaintiffs did not, however, move to amend their Complaint.

6

proper service upon Defendants Rohr and Demchak, this Court addresses whether it has personal jurisdiction over those defendants and whether Plaintiffs have failed to state a claim against them individually upon which relief can be granted.[7]

I.     Service of Process

"Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Federal Deposit Insurance Corp. v. Schaffer*, 731 F.2d 1134, 1135–1136 (4th Cir. 1984). Under Rule 4(e), an individual may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). In Maryland, a plaintiff may serve process on an individual by certified mail with restricted delivery and return receipt stating to whom process is delivered and the date and address of delivery. Md. Rule 2–121(a). "Pro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

---

[7] This Court recognizes that Plaintiffs are *pro se* and has accorded their pleadings liberal construction. *See Erickson*, 551 U.S. at 94. However, Plaintiffs have not named PNC Mortgage as a defendant, regardless of any action brought against current and past chief executives of that corporate entity.

Defendants argue that the service was "neither personal service, nor service to a registered agent, nor service to either Defendant's dwelling or usual place of abode." ECF No. 16. While Defendants are correct in that Plaintiffs failed to properly serve Defendants by one of the methods of service expressly stipulated in Rule 4(e)(2),[8] Plaintiffs were presumably choosing to follow Maryland Rule 2—121 by attempting to effect service by certified mail. In Plaintiffs' Response to the Show Cause Order, Plaintiffs present a copy of Defendant Rohr's writ of summons,[9] copies of United States Postal Service Certified Mail Receipts addressed to both Defendants dated September 9, a receipt from the Circuit Court for Frederick County also dated September 9, and another copy of a United States Postal Service Certified Mail Receipt addressed to Defendants' attorney. Plaintiffs' documents, however, show that Plaintiffs' attempt to effect service under Maryland Rule 2—121 failed.

Under Rule 2—121(a), Plaintiffs were required to mail the documents by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery." Md. Rule 2—121(a). Plaintiffs' Domestic Return Receipt shows that they failed to request Restricted Delivery; service of process was therefore deficient. [10] *See* ECF No. 15; *see also Felder v. Buonassissi, Henning & Lash, PC*, Case No. PJM 13—1741, 2013 WL 5550947, at *4 (D. Md. 2013). Indeed, the documents show that someone other than the Defendants signed for the

---

[8] *See Tann v. Fisher*, 276 F.R.D. 190, 192 (D. Md. 2011) ("Service of process at a defendant's place of business does not satisfy the requirements of Rule 4(d)(1) [now Rule 4(e)(2)]." (citing *Quann v. Whitegate—Edgewater*, 112 F.R.D. 649, 655 (D. Md. 1986))).

[9] As to date, Plaintiffs have only presented a copy of Defendant Rohr's Writ of Summons and not a copy of Defendant Demchak's Writ.

[10] Maryland Rule 2—121 also provides that service outside of the state can be made in the manner prescribed by the foreign jurisdiction if reasonably calculated to give actual notice. In addition to Plaintiffs' failure to give actual notice, Ohio only permits service by United States certified mail if the clerk of the court delivers the copy of the summons and complaint to the postal service. Ohio Civ. R. 4.1(A)(1)(a). Therefore, Plaintiffs also failed to effect proper service under Ohio law.

packages.[11] *See* ECF No. 15. As the Fourth Circuit has noted, when a plaintiff has not properly served a defendant, "the rules . . . and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc., v. Penrod-Stauffer Bldg. Systems, Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984). While it is clear by the filing of this Motion that Defendants had actual notice of the pending action, Plaintiffs failed to meet their burden of establishing that Defendants were properly served or that there was good cause for the lack of service. Accordingly, Defendants Rohr and Demchak's Motion to Dismiss for Insufficient Service of Process is GRANTED.  However, even according the *pro se* Plaintiffs every consideration, this Court will address the alternative bases for dismissal of this action.

II.     Personal Jurisdiction

While this Court does not have personal jurisdiction over a defendant who is improperly served,[12] this Court nevertheless alternatively addresses Defendants Rohr and Demchak's Motion to Dismiss for lack of personal jurisdiction. In their Motion, Defendants assert that they are both citizens of Pennsylvania and not subject to either general or specific jurisdiction in this Court.

Pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, a federal district court may assert personal jurisdiction over a nonresident in accordance with the law of the state in which the court is located. *Synergics Energy Servs., LLC v. Algonquin Power Fund (Am.), Inc.,* No. ELH–13–2257, 2014 WL 2812230, at *7 (D.Md. June 20, 2014). Personal jurisdiction may either be general or specific. *Rao v. Era Alaska Airlines,* —— F. Supp. 2d ——,

---

[11] The receiving signature appears to be "A.J. Woodward."  *See* ECF No. 15.
[12] *Walker v. SGB Corp.*, No. 3:12-CV-145-FDW-DCK, 2012 WL 4753303 at *3 (W.D.N.C.) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Systems Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984)).

2014 WL 2215862, at *3–4 (D. Md. 2014). Therefore, as this Court has previously noted, its exercise of jurisdiction must (1) be authorized by the forum state's long-arm statute and (2) be consistent with due process. *Haley Paint Co. v. E.I. DuPont de Nemours & Co. (In re Titanium Dioxide Antitrust Litig.),* 775 F. Supp. 2d 790, 796 (D. Md. 2011) (citing *Carefirst of Md., Inc.*, 334 F.3d at 396).[13]

### A. General Jurisdiction

Defendants Rohr and Demchak assert that they are residents of Pennsylvania. ECF No. 14. Plaintiffs never address Defendants' residency or connections to Maryland in either the Complaint or Response to the Motion to Dismiss. It is only in Plaintiffs' Response to the Show Cause Order (ECF No. 13) that they assert "venue is proper in this Court because all of the parties are located in the State of Maryland and the acts described took place in Frederick County, Maryland." Plaintiffs then continue to state that the parties are "Plaintiff, Joseph Ford," "Plaintiff, Carolyn Ford," and "Defendant, National City Mortgage." *Id.* Plaintiffs do not assert that Defendants Rohr and Demchak are residents of Maryland, continually visit or work in Maryland, or any "facts to satisfy the steep requirement of continuous and systematic contacts . . . to impose general jurisdiction." *D'Onofrio v. SFX Sports Group, Inc.*, 534 F. Supp. 2d 86, 90 (D.D.C. 2008). Accordingly, this Court must focus on whether it has specific jurisdiction over Defendants.

---

[13] A plaintiff must specifically identify a provision in the Maryland statute that authorizes jurisdiction. *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649, 652 (D.Md.2001). Once a provision is specified, a court then determines whether the exercise of personal jurisdiction would comport with the due process requirements of the Fourteenth Amendment.

B.  Specific Jurisdiction

Defendants also assert that Plaintiffs cannot establish specific personal jurisdiction. Although Plaintiffs have not cited to a provision of the Maryland long-arm statute, they would presumably be relying on the first or second provisions, which state:

A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs and character of work or service in the State;
(2) Contracts to supply goods, food, services, or manufactured products in the State;

Md. Code Ann., Cts & Jud. Proc., § 6—103(b)(1-2).

While subsection (b)(1) has been interpreted to not require that a defendant be physically present in Maryland, there must still be specific contacts between a defendant and the state. Personal jurisdiction cannot be based simply on someone's status as a company's chief executive officer. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.,* 888 F. Supp. 2d 691, 699–700 (D. Md. 2012) (holding that the court did not have personal jurisdiction over the CEO of a company when plaintiff's allegations were based almost exclusively on the company's activities with the state and did not allege any personal contacts between the CEO and the state or residents). Plaintiffs fail to allege any contact between the named individual Defendants and Maryland. In fact, the Complaint and Response to the Show Cause Order do not allege any specific actions taken by Defendants Rohr or Demchak, let alone any purposeful acts performed or directed towards Maryland. Thus, Plaintiffs have failed to make a *prima facie* showing that the named Defendants have sufficient minimum contacts with Maryland "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61

S.Ct. 339, 85 L.Ed. 278 (1940)). Accordingly, this Court does not have personal jurisdiction over Defendants Rohr and Demchak and their Motion to Dismiss for lack of personal jurisdiction is GRANTED.

III.    Failure to State a Claim

Furthermore, Plaintiffs also fail to state either a claim for fraud or a claim under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1821, against the individual defendants named in this case.  Plaintiffs make no factual allegations against Defendants Rohr or Demchak that create a right to relief.[14] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (explaining that to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true"). In fact, Plaintiffs make no allegations whatsoever concerning Defendants Rohr or Demchak. Accordingly, because Plaintiffs have failed to make factual allegations sufficient to support a claim for fraud or a violation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Defendants Rohr and Demchak's Motion to Dismiss for Failure to State a Claim is GRANTED.

---

[14] As stated *supra*, PNC Mortgage was not named in the Complaint.  Even if PNC Mortgage was named, Plaintiffs have not effected service of process on that corporate entity. Plaintiffs attempted to serve process through certified, but not restricted, mail addressed to Defendants Rohr and Demchak. The receiving signature appears to be "A.J. Woodward." ECF No. 15. Had Plaintiffs meant to name and serve PNC Mortgage as a defendant, Plaintiffs do not assert nor can this Court verify that the recipient was authorized to accept service on behalf of PNC Mortgage. Nor can Plaintiffs claim that they properly served Defendants Rohr or Demchak as agents of PNC Mortgage; as discussed above, Plaintiffs' methods were insufficient to properly serve either Defendant. Further, there is no indication that PNC Mortgage has actual notice of the Complaint, as it has not filed any responsive pleadings.

**CONCLUSION**

For the reasons stated above, Defendants James F. Rohr and William S. Demchak's Motion to Dismiss (ECF No. 16) is GRANTED. Accordingly, Plaintiffs' Complaint for Damages against Rohr and Denchaclk (ECF No. 2) is DISMISSED WITH PREJUDICE. A separate Order follows.

Dated:   October 16, 2015   _____/s/_____
Richard D. Bennett
United States District Judge